IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CR-00059-KDB-DCK-1

| | | |
|---|---|---|
| USA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUSTO MANUEL GONZALEZ | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant Justo Manuel Gonzalez's *pro se* motion for compassionate release based on the COVID-19 pandemic under 18 U.S.C. § 3582(c)(1)(A) and the First Step Act of 2018. (Doc. No. 62). His conclusory and unsupported motion will be denied without prejudice.

Section 603(b) of the First Step Act amended § 3582(c)(1)(A), which previously only allowed a court to reduce a term of imprisonment on motion of the Director of Prisons (BOP). Now a court may entertain a motion filed by a defendant: (1) after full exhaustion of all administrative rights to appeal a failure of the BOP to bring a motion on his behalf; or (2) after lapse of 30 days from the receipt of such a request by the warden of his facility, whichever is less.

Here, Defendant, claims that he petitioned the warden for compassionate release but attaches no copy of the request. Thus, the Court is unable to verify whether or not the warden has denied the request or whether 30 days have passed since the warden received the request. The motion fails to show that the Defendant has fully exhausted his administrative rights to appeal a failure of the BOP to bring a motion on his behalf or that 30 days have elapsed from the warden's receipt of a

request. Furthermore, the Defendant claims no medical issues and does not provide any medical records to substantiate any medical claims. Therefore, the Court will not consider the merits of his claim. *United States v. Raia,* 954 F.3d 594, 595 (3d Cir. 2020) (denying motion for compassionate release based on COVID-19 where defendant did not seek relief from BOP).

**IT IS, THEREFORE, ORDERED**, that the Defendant's *pro se* motion for compassionate release (Doc. No. 62), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of his administrative remedies.

**SO ORDERED.**

Signed: November 23, 2020

Kenneth D. Bell
United States District Judge